IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EARL HARRISON and MARIAM P. HARRISON, <br><br> Plaintiffs, <br><br> vs. <br><br> ROCKWELL COLLINS, INC., <br> AETNA LIFE INSURANCE COMPANY, and <br> ROCKWELL COLLINS EMPLOYEE <br> HEALTH PLAN NUMBER 700, <br><br> Defendants. | No. C06-0072 <br><br> **ORDER** |

_____

This matter comes before the court pursuant September 1, 2006 motion to dismiss filed by defendants Rockwell Collins, Inc. and Aetna, Inc. (docket number 9), and defendant Rockwell Collins, Inc.'s October 16, 2006 renewed motion to dismiss (docket number 23).

Defendants' motions are based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). A complaint shall not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of its claim that would entitle it to relief. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993); Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 739 (8th Cir. 2002). When analyzing the adequacy of a complaint's allegations under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id. "The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims." U.S. v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "[I]t is only in the 'unusual case' where the complaint on its face reveals some

insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted." Id. (quoting Fosco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)).

With respect to defendant Aetna, Inc., the plaintiffs filed an amended complaint on October 10, 2006, identifying "Aetna Life Insurance Company" as the proper Aetna entity (docket number 21). Accordingly, Aetna, Inc.'s motion to dismiss is denied as moot.

With respect to defendant Rockwell Collins, Inc. ("RCI"), it argues that it is not a proper party to this litigation because it was not a plan administrator, but rather had assigned its discretionary authority over the administration of the health insurance plan to Aetna. As such, RCI argues that plaintiffs have failed to state a claim against it upon which relief can be granted, warranting dismissal under Rule 12(b)(6). Plaintiffs resist RCI's motion, arguing that whether RCI had the authority to designate another entity to carry out fiduciary duties and whether RCI did, in fact, delegate the administration of the applicable health care plan to Aetna, is a question of fact which will be answered in the course of discovery. Plaintiffs further point to the fact that the Summary Plan Description states that Aetna is an agent for RCI, the plan administrator. The particularities of this agent-principal relationship, plaintiffs contend, will also be investigated during the discovery process.

Accepting the allegations in plaintiff's complaint as true, and viewing them in a light most favorable to the plaintiff, the court finds that RCI's motion to dismiss must be denied. As the parties have relied on documents outside the pleadings, the court must treat RCI's motion as a motion for summary judgment. Blair v. Wills, 420 F.3d 823, 827 (8th Cir. 2005). Whether plaintiffs will be able to garner evidence that RCI is a proper defendant can only be known after discovery. To dismiss now would be premature. At this early juncture, the court cannot conclude that plaintiffs can not prove any set of facts in support of its claims that would entitle it to relief. Plaintiffs are entitled to conduct discovery and offer evidence in support of their claims against RCI.

Upon the foregoing,

IT IS ORDERED that defendant Aetna's Inc.'s motion to dismiss (docket number 9) is denied as moot. Defendant RCI's motion to dismiss (docket number 9) and renewed motion to dismiss (docket number 23) are both denied.

October 17, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT